ELLIS, Judge.
This case arises out of an automobile accident which happened on August 13, 1965, in St. Francisville, Louisiana. Plaintiff’s truck, which was parked in a lot adjacent to a filling station, rolled backwards and struck a vehicle belonging to Terry Brewer, which was also parked in the lot. Neither vehicle was occupied at the time, and there were no witnesses to the occurrence.
*817 Plaintiff reported the accident to his liability insurance carrier, the defendant herein. An adjustor for the insurance company investigated the accident, and as a result of the investigation, the company denied liability for the damages to Brewer’s vehicle.
Plaintiff had told Brewer that the damages to his truck would be taken care of, and was of the opinion that the accident was his fault. Upon learning that defendant had denied liability, plaintiff paid the damages, which amounted to a total of $168.47.
This suit was brought by plaintiff against the defendant insurer for reimbursement for the amount paid by him for the damages to Brewer’s truck. From a judgment in favor of plaintiff, defendant brings this appeal.
The defense is based on the following conditions of the policy:
“Condition 7. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy, nor until the amount of the insured’s obligation to pay shall have been finally determined either by a judgment against the insured after actual trial, or by written agreement of the insured, the claimant and the company.”
“Condition 18. The insured shall cooperate with the company and, upon the company’s request, shall attend hearings and triajs and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident.”
It is claimed by the defendant that since plaintiff’s liability was never judicially determined, and since there had been no agreement as to liability on his part, the payment made by plaintiff for the repairs to Brewer’s vehicle were made at his own cost, and that they should not be required to reimburse him for same.
In his brief, plaintiff takes the position that Condition 7 is contrary to public policy since, “Under this section, the insurance company can arbitrarily deny to pay a claim, and if the insured pays the claim in order to keep his credit name alive in his community and to avoid civil action against him, then he cannot require the insurance company to reimburse him for his loss, even though it is clear in his mind and even though it can actually be proven on trial, as it was in this case, that his negligence actually caused the accident.”
Plaintiff further claims that a good faith investigation was not made by the insurance company, and that in the absence of such investigation to determine the liability or non-liability of the insured, the insured should be allowed to protect himself by making payment on the claim. According to Mr. Rosenthal’s testimony, he was contacted by the adjustor within a few days of the accident. There also appears in the record a report of the accident dated September 18, 1965, which was executed by Mr. Rosenthal. The payment of the damages was made by Mr. Rosenthal on January 18, 1966, and he testified that he made this payment shortly after he was advised by his insurance agent that the defendant was not going to pay.
After considering the various contentions of the parties, we have reached the conclusion that the provisions of the policy must control. It is obvious that the company is obligated to pay only those amounts which the insured is legally liable to pay. This liability must be determined either by a court or by the claimant, the company, and the insured jointly. There are no provisions of the policy under which the insured has any right to make any determination as to his own liability. His fear as to being the subject of a civil suit is groundless since the company is obligated to defend any suit *818 filed against him, even though it be frivolous. We do not find that the defendant was dilatory in handling this claim or that, if it had been, such behavior would give plaintiff any ground for reimbursement if he independently made payment of a claim against him.
We agree with defendants that this is an action under the policy, and that the terms of the policy must control. There being no ambiguity therein, and nothing contrary to public policy having been brought to our attention, we find that any payment made by the insured whose liability has not been judicially determined, without the consent of his insurer, is not subject to be reimbursed by the insurer.
The judgment of the district court is therefore reversed, and there will be judgment herein in favor of defendant and against plaintiff, dismissing plaintiff’s suit, with all costs in this court and in the court below to be borne by plaintiff.
Reversed and rendered.